IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

---

| | |
|---|---|
| JONATHAN LEE RICHES, | Cause No. CV 08-31-BLG-RFC-CSO |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| GARY WINNICK; FCI WILLIAMSBURG; ARAMARK, | |
| Respondents. | |

---

This matter is before the Court on a petition for writ of habeas corpus filed by Petitioner Riches, a federal prisoner proceeding pro se, pursuant to 28 U.S.C. § 2241.

On February 22, 2008, a deputy clerk of court wrote to Riches, explaining that the filing fee was $5.00 and that he could move to proceed in forma pauperis if he could not pay the fee. Riches did not respond.

Riches contends that the food served at FCI Williamsburg – which is located in Salters, South Carolina – is unhealthy, that his constitutional right to rehabilitation is being violated, and that he should be released because he was denied due process on appeal and was deprived of his Sixth Amendment rights under Booker and Fanfan. Though the Court does not know where Riches was convicted, he was not convicted in the District of Montana.

28 U.S.C. § 2241(a) authorizes the federal district courts to grant writs of habeas corpus

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

"within their respective jurisdictions."  This Court plainly lacks jurisdiction over the Petition.  It should be dismissed.

Transfer to cure want of jurisdiction, see 28 U.S.C. § 1631, would not be in the interest of justice.  See 28 U.S.C. § 1631.  Riches has filed 1,500 actions in the federal courts, give or take a few hundred.  See United States Party/Case Index, http://pacer.uspci.uscourts.gov (Mar. 27, 2008).

Additionally, because jurisdiction is plainly lacking, any appeal from the District Court's disposition would be taken in bad faith.[1]

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED.

2. The District Court should CERTIFY that any appeal from its disposition would be taken in bad faith, pursuant to Fed. R. App. P. 24(a)(4)(B).

3. The District Court should direct the Clerk to enter a judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file

---

[1] Because Riches is a federal prisoner who is not proceeding under 28 U.S.C. § 2255, the usual requirement for a certificate of appealability does not apply.  See 28 U.S.C. § 2253(c)(1)(A), (B).

written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately file a "Notice of Change of Address" if his mailing address changes while this action remains pending in this Court.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 28th day of March, 2008.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge